```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


WILLIAM S. KARN,                )
                                )
            Plaintiff,          )
                                )
     v.                         ) Civil Action No. 06-494
                                )
PATRICK D. FRYE, LINDQUIST &    )
VENNUM P.L.L.P., and JEFFREY    )
A. WEINMAN,                     )
                                )
            Defendants          )
```

MEMORANDUM

Gary L. Lancaster,
District Judge.                                          June 16, 2006

This is a putative class action stemming from a case previously adjudicated by the United States Bankruptcy Court for the District of Colorado and the Court of Appeals for the Tenth Circuit. Plaintiff, William S. Karn, a licensed attorney in the Commonwealth of Pennsylvania, alleges six counts on behalf of himself and other similarly situated class members in his Amended Complaint: (1) "abuse of discretion in second guess of the business judgment rule"; (2) "acknowledgment by court and defendant counsel that when action is removed to federal court then all parties concur that class action must be certified as a class"; (3) "action based upon consumer protection law"; (4) "abuse of process"; (5) "forum non conveniens"; and (6) "error of law by Colorado court."

Defendants have filed a motion to dismiss arguing that the Amended Complaint fails to state any claim upon which relief can be granted because plaintiff's claims are not cognizable causes of action, and because even if viable causes of action, plaintiff cannot sue defendants for an "error of law by Colorado court."

For the reasons which follow, the motion will be granted.

I.    BACKGROUND

The present claim stems from a bankruptcy adversary proceeding entitled, Weinman v. Fidelity Capital Appreciation Fund, 179 B.R. 254 (Bankr. D. Colo. 1995), which was initiated in the District of Colorado in 1994. The Weinman case was essentially a fraudulent conveyance action brought to recover corporate stock disbursed to the public, including to Mr. Karn. Mr. Karn was a defendant class member, against whom judgment was entered. The Bankruptcy Court approved a settlement by the parties in the Weinman action. The settlement agreement included an opt out provision, of which Mr. Karn took advantage. The Court of Appeals for the Tenth Circuit ultimately affirmed the settlement and denied challenges to the class action procedure in Weinman. Although Mr. Karn opted out of the class settlement in 1999, he failed to defend his case. Accordingly, judgment was entered against Mr. Karn in the adversary proceeding on September

22, 2003. Mr. Karn did not appeal that judgment to the Court of Appeals for the Tenth Circuit.

On March 23, 2006, plaintiff originally filed this suit in the Court of Common Pleas of Allegheny County, Pennsylvania against Jeffrey Weinman, who acted as the trustee of the unsecured creditors' trust in the Colorado adversary proceeding; and, Mr. Weinman's counsel in the Colorado proceedings; Patrick D. Frye and the law firm of Lindquist & Vennum, P.L.L.P. Shortly thereafter, defendants removed the case based on federal question jurisdiction, pursuant to 28 U.S.C. §1441(b). Following removal, plaintiff filed an Amended Complaint in this court on April 17, 2006. During an initial status conference held before this court on June 9, 2006, defendant argued that although plaintiff fails to state any claims upon which relief may be granted, his allegations are premised on denial of due process and equal protection, thus creating federal question jurisdiction. At the initial status conference, plaintiff stated that the judgment against him is for $1,200.

II.  STANDARD OF REVIEW

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most

favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to examine independently the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.40 (2d ed. 1990). See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is according to this standard that the court has reviewed defendant's motion. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is persuaded "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Conley, 355 U.S. at 45-46.

III. DISCUSSION

Plaintiff is essentially asking this court to grant relief that we simply cannot grant. He is asking us to somehow "cancel" all Colorado judgments against him. For several reasons, including collateral estoppel, we dismiss plaintiff's Amended Complaint in its entirety.

First and foremost, after opting out of the Colorado adversary proceeding, plaintiff failed to take any steps to defend his claim.  Moreover, when judgment was entered against him, he did not exercise his right of appeal to the Court of Appeals for the Tenth Circuit.  If Mr. Karn was unsatisfied with the outcome of the adversary proceeding, then the proper forum to assert his grievances was in the Court of Appeals for the Tenth Circuit.  We cannot and will not disrupt the judgment of Colorado federal courts.

As a general rule, the doctrine of collateral estoppel, now called issue preclusion, precludes a party from relitigating in subsequent suits issues that have been fully and fairly litigated in an earlier case.  Montana v. United States, 440 U.S. 147 (1979).  When an issue of fact or law, actually litigated and determined, is essential to the judgment, the determination is conclusive in a subsequent case.  Electro-Miniatures Corp. v. Wendon Co., Inc., 889 F.2d 41, 44 (3d Cir. 1989).

Here, plaintiff appears to be complaining about the manner in which the adversary proceeding was handled by the Colorado Bankruptcy court, including its certification of the defendant class and settlement order.  Any claims raised by plaintiff at this time, were already litigated before the Bankruptcy Court, as well as the Court of Appeals.  As such, the doctrine of

collateral estoppel bars plaintiff from attacking the final judgment of the Court of Appeals for the Tenth Circuit.

Plaintiff's claims must also be dismissed because his complaint fails to state any viable causes of action. We note that plaintiff's complaint is somewhat unfocused, and forces us to ascertain his causes of action. We also note that Mr. Karns is a <u>pro se</u> plaintiff. Although we usually allow for liberal construction in all proceedings involving pro se litigants, here, Mr. Karns is also licensed to practice law in the Commonwealth of Pennsylvania.[1] As such, we need not extend to him the courtesy of liberal construction of pleadings normally afforded to <u>pro se</u> plaintiffs.

Count I of plaintiff's Amended Complaint alleges "abuse of discretion in second guess of Business Judgment Rule." This is not a valid cause of action. Typically, the "business judgment rule" refers to a concept in Corporations law whereby a court refuses to review the actions of a corporation's board of directors in managing the corporation unless there is some allegation of bad faith. The concept does not make sense as an independent cause of action in this context. Plaintiff also

---

[1] Indeed, Mr. Karns is no stranger to this court. We are aware of at least seven other cases filed by Mr. Karn <u>pro se</u> in the United States District Court for the Western District of Pennsylvania over the past ten years. As such, it is fair to assume that he is familiar with the rules and procedures of the court.

references the term "abuse of discretion" as part of Count I. Again, this appears to be a misapplied legal term that cannot possibly constitute a cause of action against defendants. The term "abuse of discretion" refers to a standard of appellate review of lower court decisions, and is not a basis for a private cause of action. As such, Count I is dismissed for failure to state a claim upon which relief can be granted.

Similarly, Count II does not assert any cause of action. Instead, plaintiff appears to be making a statement about the court's jurisdiction. He states that because defendants' removed the case to federal court, "the only qualifying basis for the action is that the $75,000 minimum amount at issue be met." In fact, defendants' removed the case based on federal question jurisdiction. Regardless, Count II of plaintiff's Amended Complaint does not assert <u>any</u> cause of action, and is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Count III of plaintiff's Amended Complaint is entitled, "action based upon consumer protection law." Plaintiff makes only a vague and conclusory allegation that, "the Pennsylvania Unfair Trade Practices and Consumer Protection Law has been violated by Defendants." <u>Amended Complaint</u> ¶34. Although Pennsylvania's Unfair Trade Practices Act and/or other consumer protection laws are potentially valid causes of action, in this case, plaintiff has failed to properly allege any type of

7

violation. Plaintiff does not offer any indication of which acts committed by defendants might possibly qualify as a violation of consumer protection laws. In fact, he does not allege that defendant sold, leased or otherwise provided any services to him, which are critical elements of a consumer protection claim. Moreover, the relief sought by plaintiff under Count III--"based upon a finding of violation of consumer protection laws, such that the action is carried forward to declare nul [sic] and void the monetary judgment placed on all members of the class action identified in the Colorado bankruptcy related action"-is nonsensical. As stated above, it is not within our power to declare "null and void" the monetary judgment entered by a Colorado court. Because Count III of plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, it is dismissed.

Count IV must also be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Count IV alleges an "abuse of process" claim, based on "an ulterior purpose for which the process is used, other than the one for which it was intended," and "a willful act in the use of the process which is not proper in the regular conduct of the proceeding." Amended Complaint ¶37. Plaintiff further alleges that defendants "maliciously used" Rule 23 and the class action device "in a defective application form." Id. at ¶37.

First, as discussed above, plaintiff is collaterally estopped from relitigating the class certification and overall class action procedure utilized by the Colorado court and affirmed by the Court of Appeals for the Tenth Circuit. Plaintiff should have raised any complaints he had about the adjudication of the class action in the Colorado Bankruptcy Court before the Tenth Circuit-- not this court. Even if plaintiff's abuse of process claim was properly before this court--which it is not--we find it likely that such a claim would lack merit. Considering that two Colorado federal courts and the Court of Appeals for the Tenth Circuit found defendants' fraudulent conveyance action to be proper, we cannot imagine any set of circumstances that would give rise to an abuse of process claim here. As such, Count IV is dismissed for failure to state claim.

Count V of plaintiff's Amended Complaint, which is entitled simply, "forum non conveniens," is also not a valid cause of action against defendants. Forum non conveniens is a jurisdictional concept, not a cause of action as alleged here against defendants. The term forum non conveniens refers to the "discretionary power of court to decline jurisdiction when convenience of parties and ends of justice would be better served if action were brought and tried in another forum." Black's Law Dictionary 655 (6th ed. 1990).

As with his other claims, plaintiff appears to be complaining about the exercise of jurisdiction by the "Colorado court system." Amended Complaint ¶49. The Colorado federal court exercised jurisdiction over the Weinman case, not the defendants. As such, it is wholly improper for plaintiff to attempt to fashion a cause of action against defendants for jurisdiction exercised by a federal court. Because forum non conveniens is not valid grounds for a claim against defendants, Count V is dismissed.

Finally Count VI of plaintiff's Amended Complaint alleges, "error of law by Colorado court." In more than twenty numbered paragraphs alleged under Count VI, plaintiff fails to describe a single act by defendants. Instead, Count VI is a diatribe of the basic principles of Corporations law. It goes without saying that plaintiff cannot hold defendants liable for any alleged error by a Colorado federal court. Count VI is yet another attempt by plaintiff to hold defendants liable for his dissatisfaction with the valid judgment entered against him by the Colorado federal court. As we have already stated, plaintiff is seeking relief from the judgment affirmed by the Court of Appeals for the Tenth Circuit--relief that we cannot grant. As such, Count VI is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

IV. CONCLUSION

Accordingly, we conclude that defendant's motion to dismiss plaintiff's Amended Complaint will be granted for failure to state a claim upon which relief can be granted. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. KARN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-494 |
| | ) |
| PATRICK D. FRYE, LINDQUIST & | ) |
| VENNUM P.L.L.P., and JEFFREY | ) |
| A. WEINMAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Therefore, this 16th day of June, 2006, IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiff's Amended Complaint is GRANTED.

BY THE COURT:

_____, J.

cc:      All Counsel of Record